Tuiiley, J.
delivered the opinion of the court.
This action was commenced before a Justice of the Peace; the defendant was summoned to answer in a plea of assumpsit, under fifty dollars. Upon the trial in the Circuit Court, it appeared that the defendant, Burton, .was indebted to one Wm. Edmonson in the sum of fifty-one dollars; that he requested the plaintiff, Carraway, to pay the amount to him- in bacon, which was done; and this constituted the subject matter of controversy. The court charged the jury, that a Justice of the Peace had no jurisdiction of the -case, and could, therefore, give no judgment on it; and they must find for the defendant; which they did, and judgment was given accordingly; to reverse which this writ of error is prosecuted. Is this charge correct? It is argued that it is; that the contract and promise is an entire thing, not capable of being severed; and'being for an amount beyond the jurisdiction of a Justice of the Peace, the action brought thereon is coram non judice, and not maintainable. That a contract is an entire thing, and that the plaintiff will not be permitted to vex the defendant by splitting it, and instituting separate suits thereon, is too well settled, both upon reason and authority, to admit of controversy. Smith vs. Jones, 15 Johnson Rep. 229: Farmington vs. Smith & Payne, ibid, 432. But is this principle applicable to the case under consideration? We think not. The plaintiff’s claim has not been split, and separate suits instituted thereon; but the action has been brought for less than he might have demanded upon his contract.. And the question is whether this course of proceeding is sustainable. In special actions of assumpsit upon executory contracts, the contract must be set forth in the declaration as it exists, or there will be a variance between the contract as described and proven, which is fatal upon demurrer, if the variance appear of record, and by non-suit, if it appear in proof. But this principle is not applicable to actions of debt and indebitatus assumpsit upon *111 executed contracts, viz, contracts in which the consideration is past, and the party bound to pay a specific sum in numero therefor. In the first class of cases the damages being unli-quidated, no specific sum in numero is demandable; the value of the consideration paid, is not the thing sued for, but the amount of the injury sustained by the plaintiff by reason of the breach of contract on the part of the defendant. In the second class the damages are liquidated, and a specific sum in numero is demandable; the value of the consideration paid is the thing sued for, and the value is fixed either by the parties themselves when there is an express promise to pay a price agreed on, or by law upon the proof of value when the promise is implied to pay quantum meruit. The consequence is, that in the first class of cases the action is based directly upon the contract and breach, and the proof of the contract must correspond with the allegations. But in the second, the goods or labor of the plaintiff having been appropriated by the defendant, he is ex equo et bono bound to make him compensation therefor; and his promise to do so arising out of his liability is collateral thereto, not the direct basis ofthesuit which is the goods, wares and merchandize, sold and delivered, or the work and labor done; and, therefore, the proof of the promise.to pay need not correspond with that alledged in the declaration, and a variance is not fatal,’but one amount may be sued for and a different one recovered; or in other words, the plaintiff will recover according to his proof, without regard to his allegations, for whatever amount of goods may have been sold and delivered, or work and labor done, provided the damages claimed will cover the amount. The consequence is, that a plaintiff may demand in his suit more than is due him,, and recover what is due; and that he may, if he please, demand less,than is due him, and recover his demand; and that a judgment in either case is a bar to any other suit upon the same demand, and so are the authorities. Smith brought two actions against Jones for three barrels of potash, which the proof showed to have been all sold at the same time. It was held that this was an entire contract, upon which two separate suits could not be brought, 15 Johns. Rep. 229. The case of Farmington & Smith vs. Payne, 15 Johns. Rep. 432, was an *112 action of trover for a becl. The defend ants pleaded that judgment had been rendered against them in another action for the same act and subject matter complained of in the present suit. The judgment referred to was an action of trover between the same parties for three bed-quilts, and the proof showed that the bed and bed-quilts were taken by the defendants at the same time, constituting one trespass. Upon this plea the court said, “We are clearly of opinion that the judgment in the first suit was a bar to the plaintiff’s claim in this action. The seizure of the bed and bed-quilts which then lay on the bed, was one single indivisible act, and the plaintiff ought not to be permitted to vex the defendant by splitting up his claim for damages into separate suits for each article so seized; there is no difference in this respect between the actions of trover and trespass.” In the case of Smith vs. Jones, the court decided, that when goods were sold at one time “on an entire contract, the vendor could not maintain separate suits for separate parcels of the goods so sold and delivered. There is no reason for a difference in the rule between torts and contracts. Suppose a trespass or a conversion of a thousand barrels of flour; would it not be outrageous to allow a separate action for each barrel?” In the case of Phillips vs. Berrick, 16 Johns. Rep., it is held, that a record of a former recovery apparently for the same cause of action as that which is the foundation of a subsequent suit, is prwia facie evidence that the demand had been tried, which maybe repelled by proof. Spencer in delivering the opinion of the court, says: “There are some principles which have been urged in the argument admitting of no doubt. When for instance, a demand of a party is submitted to a jury, and they see fit to disallow it, either for want-of sufficient proof, or any other cause, a verdict and judgment thereon is conclusive, and the same demand is barred forever. So also, if the plaintiff’s demand consist of a claim indivisible in its nature, as in the case of Farmington vs. Payne, and Smith vs. Jones, we hold that the party could not be vexed by having the claim split up into separate suits, and that they could not be maintained.” In the case of Markham vs. Middleton, 2d Strange, 1259, the plaintiff sued for an apothecary’s bill, and on executing the writ of enquiry, *113 by accident, he was unprepared to prove the bill. The sheriff thought he could not adjourn, and the jury gave nominal damages. The court thought it bard that the plaintiff should be paid a large debt with a penny, as they said he would be, if this verdict stood, and set aside the inquisition. Lord Kenyon in speaking of this case, says; “the plaintiff had but one demand, and though the jury gave inadequate damages, he would have been bound by the verdict if it had stood.” The result of these authorities is, that if a plaintiff bring a suit for his entire cause of action, and fails or neglects to prove it in whole or in part, and judgment goes accordingly, or a suit for a part only of his cause of action, and obtains judgment for that part, he can never sue again on the same cause, but the judgment so obtained may be pleaded in bar to any suits arising out of the same transaction.
The charge of the Circuit Judge, then, in the case under consideration, non-suiting the plaintiff is erroneous, and the judgment will be reversed, and the case remanded for a new trial.